**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NICHOLAS Z. ROSENLICHT,<br>                    Appellant, | DOCKET NUMBER<br>SF-0845-18-0592-I-1 |
|                    v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: March 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nicholas Z. Rosenlicht</u>, Berkeley, California, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal regarding former spouse and current spouse survivor annuities for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Nonetheless, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction because the appellant is collaterally estopped from relitigating the jurisdictional issue.

## BACKGROUND

The appellant retired under the Federal Employees' Retirement System in November 2014. Initial Appeal File (IAF), Tab 5 at 7-8, 19. He subsequently requested that the Office of Personnel Management (OPM) issue a reconsideration decision on a variety of issues including the apportionment of his annuities for his former spouse's survivor annuity and an overpayment issue. *Id*. at 12-13, 15, 17-18. Although OPM had provided him with an opportunity to finalize his annuity election for his current spouse, the appellant did not make an election. *Id*. at 13-15. Instead, he expressed to OPM that his decision "would depend on the outcome of the decision regarding the former spouse survivor annuity." *Id*. at 18. In December 2017, OPM issued a reconsideration decision solely on the overpayment issue. *Id*. at 19-21. It subsequently rescinded that decision. *Rosenlicht v. Office of Personnel Management*, MSPB Docket No. SF-0845-18-0150-I-1, Appeal File, Tab 7 at 4. OPM ultimately concluded that it assessed the overpayment in error. IAF, Tab 5 at 22.

The appellant subsequently filed two appeals with the Board. In initial decisions, the administrative judge considered the appellant's claims regarding his former spouse and current spouse survivor annuities but found that, because OPM had not issued a final decision, the Board lacks jurisdiction. *Rosenlicht v. Office of Personnel Management*, MSPB Docket No. SF-0845-18-0259-I-1, Initial Decision at 3-6 (Mar. 29, 2018); *Rosenlicht v. Office of Personnel Management*, SF-0845-18-0150-I-1, Initial Decision at 3-4 (Jan. 19, 2018). Neither party filed a petition for review of these decisions, and they are now final. *See* 5 C.F.R. § 1201.113 (explaining that an initial decision generally becomes final 35 days after issuance absent a petition for review).

The appellant filed the instant appeal challenging OPM's decision that his former spouse was entitled to a survivor annuity and the reductions of his annuity payments for a current spouse survivor annuity. IAF, Tab 1 at 4, Tab 5 at 4, 13-15. The administrative judge issued an order informing the appellant of the applicable jurisdictional criteria and his burden of proving that the Board has jurisdiction over his appeal. IAF, Tab 4 at 2-4. The appellant argued that OPM's December 2017 reconsideration decision included a final decision on the spousal annuity issues. IAF, Tab 5 at 4-6. According to the appellant, the Board retained jurisdiction over the December 2017 reconsideration decision because OPM had failed to refund monies it collected as a result of its rescinded decision. *Id*. at 5-6.

OPM responded by filing a motion to dismiss the appeal arguing, in pertinent part, that "[t]he Board's jurisdiction is limited to matters addressed by OPM in its final decision," and OPM had not issued a final decision on the matters raised by the appellant in his appeal. IAF, Tab 7 at 4. OPM further stated that, "the appellant will receive a final decision addressing is [sic] survivor annuity issue." *Id*.

Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.[2] IAF, Tab 9, Initial Decision (ID). The administrative judge found that the appellant's November 2017 request for reconsideration did not request reconsideration regarding the current spouse survivor annuity and thus OPM had not issued a final decision on this issue. ID at 11-12. She further found that the December 2017 reconsideration decision was not a final agency decision on the former spouse survivor annuity issue. ID at 9-10. Thus, the administrative judge found that there was no reconsideration decision over which the Board could exercise jurisdiction. ID at 12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response, to which the appellant has replied. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the Office of the Clerk of the Board issued an order directing the appellant to show cause as to why his appeal should not be dismissed as barred by collateral estoppel. PFR File, Tab 6. In response, the appellant argues that, at the time the initial decisions were issued in his prior appeals, it was not evident that OPM would not fully rescind its decision and restore him to the status quo ante. PFR File, Tab 7 at 4. For the reasons discussed below, we find that the appellant's claim is barred by collateral estoppel, and, as a result, the Board lacks jurisdiction over the instant appeal.

Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination of the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded had a full and fair opportunity to litigate the issue in the prior action. *Hau v. Department of*

---

[2] The appellant withdrew his request for a hearing. IAF, Tab 3 at 4.

*Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis for Board jurisdiction. *Id.*

In the instant appeal, the appellant again argues that the December 2017 reconsideration decision was a final decision on the spousal annuity issues and its rescission entitles him to be returned to the status quo ante. PFR File, Tab 1 at 5-8, Tab 7 at 4. The administrative judge in the appellant's prior appeals found that the December 2017 reconsideration decision was not a final decision on the spousal annuities issues and, therefore, the Board lacked jurisdiction. *Rosenlicht v. Office of Personnel Management*, MSPB Docket No. SF-0845-18-0259-I-1, Initial Decision at 3-6 (Mar. 29, 2018) (finding that a final decision had not been issued on the spousal annuity issues and thus they are not within the Board's jurisdiction); *Rosenlicht v. Office of Personnel Management*, SF-0845-18-0150-I-1, Initial Decision at 3-4 (Jan. 19, 2018) (finding that the December 2017 reconsideration decision only addressed whether the appellant was overpaid annuity supplement benefits and did not include a final decision on the spousal annuity issues). Thus, the identical jurisdictional issue was litigated in both the prior appeals.

Further, the administrative judge's jurisdictional findings were necessary for the dismissal of the appeals on that basis, the appellant was a party, and he had a full and fair opportunity to litigate his claims. The appellant is thus precluded from litigating this issue again, which is the sole basis of his claim in this matter.

Accordingly, we dismiss this appeal for lack of jurisdiction. We vacate the administrative judge's jurisdictional determination, which was based on the lack of a reconsideration decision as to the spousal annuity issues appealed. ID at 9-12. The purpose of collateral estoppel is to avoid the costs and vexation

caused by repetitive lawsuits.  *Hau*, 123 M.S.P.R. 620, ¶ 16.  To continue to revisit the jurisdictional issue on the same grounds as in the two now-final initial decisions would risk additional costs and could lead to inconsistent decisions.  *See id*.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.